

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable B. F. McKee
County Auditor
Hidalgo County
Edinburg, Texas

Dear Sir:

Opinion No. 0-6688
Re: Traveling expense of the
Deputy Sheriff of Hidalgo
County.

Your letter of a recent date requesting an opinion from this department is, in part, as follows:

"For some years prior to the recent enactment of the legislature allowing county employees' salaries to be raised in the present emergency, the maximum salary that could be paid a Deputy Sheriff other than the chief Deputy Sheriff was $2300. This was based on longevity of service also. In the particular case I have in mind the Deputy Sheriff, whose duties are practically exclusively office duties, has been paid a salary of $2100. per year by the Commissioners' Court of this county, and has been allowed in addition thereto $25.00 a month for expenses for the use of his automobile. I have watched very closely, and I am quite sure that in the course of a month this deputy would not drive 200 miles in the performance of his official duties. In fact, the county has employed sufficient deputies who have county owned and operated automobiles to take care of all the running around in automobiles that it is necessary for the Sheriff's office to do. About the only use that I know of that this automobile is put to is driving back and forth to work. In my opinion this is just another way to raise this deputy's salary and thereby attempt to evade the salary limitations. Since the recent enactment of the legislature the salary of this deputy has been raised to where it is the full maximum allowed by law, and the entire automobile

Honorable B. F. McKee, page 2

allowance of $300. is paid him over and above the
maximum, leaving the situation in this condition.
Prior to the enactment of the recent statute he
was receiving $100. per year in excess of his
salary, and at present is receiving $300. per
year.

"I would like to know, first, whether such a
car allowance is proper. I might add that it is
paid by virtue of a motion duly passed and recorded
in the minutes of the Commissioners' Court. If
such an automobile allowance is proper and legal,
as a set amount, would it not be to the best interest
of all if such allowance were paid on the basis of
actual mileage travelled? And third, if such al-
lowance is illegal, does the two-year statute of
limitations apply to the recovery of the money paid
without authority? In the event that this is an
illegal payment can $200. of this be considered as
part salary, leaving only $100. per year as money
paid without authority."

The Deputy Sheriff of Hidalgo County is compensated
on a salary basis. Hidalgo County has a population of 106,059.

Article 3899, Section (b), V. A. C. S., as amended,
is as follows:

"(b)  Each officer named in this Act, where
he receives a salary as compensation for his
services, shall be entitled and permitted to
purchase or charge to his county all reasonable
expenses necessary in the proper and legal con-
duct of his office, premiums on officials' bonds,
premiums on fire, burglary, theft, robery in-
surance protecting public funds, and including
the cost of surety bonds for his deputies, pro-
vided that expenses incurred for premiums on
officials' bonds for the county treasurer,
county auditor, county road commissioners, county
school superintendent, and the hide and animal
inspector, including the cost of surety bonds
for any deputies of any such officers, may be
also included, and such expenses to be passed
on, predetermined and allowed in the time and
amount, as nearly as possible, by the Commis-

sioners Court once each month for the ensuing
month, upon the application by each officer,
stating the kind, probable amount of expendi-
ture and the necessity for the expenses of his
office for such ensuing month, which applica-
tion shall, before presentation to said court,
first be endorsed by the county auditor, if
any, otherwise the county treasurer, only as
to whether funds are available for payment of
such expenses. . . .

". . . .

"The Commissioners Court of the county of
the sheriff's residence may, upon the written
and sworn application of such officer, stating
the necessity therefor, allow one or more
automobiles to be used by the sheriff in the
discharge of official business; which, if
purchased by the county shall be bought in
the manner prescribed by law for the purchase
of supplies and paid for out of the General
Fund of the county and they shall be reported
and paid in the same manner as herein provided
for other expenses.

"Where the automobile or automobiles are
owned by the Sheriff or his deputies, they
shall be allowed four (4¢) cents for each mile
traveled in the discharge of official business,
which sum shall cover all expenses of the main-
tenance, depreciation, and operation of such
automobile. Such mileage shall be reported
and paid in the same manner prescribed for
other allowable expenses under the provisions
of this section. No automobile shall be
allowed for any Deputy Sheriff except those
regularly employed in outside work. It shall
be the duty of the County Auditor, if any,
otherwise the Commissioners Court, to check the
speedometer reading of each of said automobiles,
owned by the county once each month and to keep
a public record thereof; no automobile owned by
the county shall be used for any private pur-
pose."

Honorable B. F. McKee, page 4

In Pierson v. Galveston County, 131 S. W. (2d) 27, the court held that the manifest purpose of Article 3899, supra, was "to provide a means of ascertaining the correctness of expense items each month as they are incurred. The actual expenses paid or incurred constitute the measure of the official's right to recoupment. The monthly itemization is for the protection of the county by affording means of ascertaining the fact and amount of such claimed item of expense and whether it was properly chargeable as such."

In the case of Cook v. Nacogdoches County, 147 S. W. (2d) 943, dismissed, judgment correct, the sheriff of Nacogdoches County was suing the county for expenses incurred in operating two automobiles belonging to him in the discharge of his official business during the years 1937 and 1938. The amount sued for represented the difference between the four cents per mile allowed by Article 3899, Section (b), and the amounts actually paid him month to month by the Commissioners' Court, which payments were accepted under protest. On page 945, the court states the following:

"Vernon's Ann. Civ. St. Art. 3899, Sec. (b), provides that where the sheriff or his deputies operates his own automobile or automobiles he 'shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile.' By virtue of this provision of the statute, the appellant on the agreed facts, as we construe them, was entitled to recover the sum sued for. This item was in no sense salary.

"As against this conclusion the appellee urges that the plaintiff failed to prove that he filed the sworn report with the Commissioners' Court and made no showing that his account was presented to the County Auditor and the Commissioners' Court each month for audit and allowance as provided by the statute. Id. The contention is overruled. The agreed statement shows that the amount sued for represented the difference between 'his car expense at four cents per mile and the amount paid him by the Commissioners' Court' and that 'said claim was by the Commissioners' Court rejected.' Thus every

Honorable B. F. McKee, page 5

essential fact necessary to show that the claim was legally due and unpaid and that the Commissioners' Court had refused to pay it were established. Requirements of the statute were substantially met. Farmers State Bank v. Bowie County, 127 Tex. 641, 95 S. W. (2d) 1304; Nacogdoches County v. Jinkins, Tex. Civ. App., 140 S. W. (2d) 901."

In our Opinion No. 0-1656 this department held that deputy sheriffs who have been authorized by the Commissioners' Court to use their automobiles in the discharge of their official duties should be paid the sum of four (4¢) cents for each mile reasonably and necessarily traveled in the discharge of their official duties regardless of the amount of mileage such deputies travel.

In view of the foregoing it is the opinion of this department that the Commissioners' Court of Hidalgo County is not authorized to pay a sheriff or his deputy who uses his own automobile in the discharge of his official duties a lump sum of twenty-five ($25.00) dollars per month for traveling expenses. The sheriff or his deputy is not entitled to their traveling expense (four (4¢) cents per mile) unless the provisions of section (b) of Article 3899, V. A. C. S., are complied with. The county would be entitled to recover any such money that is paid out illegally in a proper suit brought for that purpose. Linz v. Eastland County, 39 S. W. (2d) 599, 77 A. L. R. 1466.

Article 6866, V. A. C. S., as amended, is, in part, as follows:

"Every person elected to the office of sheriff shall, before entering upon the duties of his office, give a bond with two or more good and sufficient sureties, to be approved by the Commissioners' Court of his county, for such sum as may be directed by such Court, not less than Five Thousand ($5,000.00) Dollars nor more than Thirty Thousand ($30,000.00) Dollars payable to the Governor and his successors in office, conditioned that he will account for and pay over to the persons authorized by Law to receive the same, all fines, forfeitures and penalties that he may collect for the use of the State or any county, and that he will well and truly execute and make due return of all process and precepts to him lawfully directed, and pay over all sums of money collected by him by virtue of any

such process or precepts, to the persons to whom the same are due, or their lawful attorney, and that he will faithfully perform all such duties as may be required of him by Law, and further conditioned that he will pay over to his county all moneys illegally paid to him out of county funds, as voluntary payments or otherwise, and said sheriff shall also take and subscribe the official oath which shall be indorsed on said bond, together with the certificate of the officer administering the same." (emphasis ours)

In the case of Bexar County v. Bitter, 11 S. W. (2d) 163, Bexar County was suing the tax collector for certain fees allowed by statute, it being alleged that the tax collector during several years had collected said fees and not paid them over to the county, but retained them under a claim that under the law he was not required to account for same as part of the excess fees to be paid over to the county. The Commission of Appeals held on page 167 that the plea of limitations interposed to the county's claim was available. "And since the county's suit, inter alia, is predicated upon Bitter's official bond we regard the bar of the four-years' statute as being the one to be considered."

In view of the foregoing, it is the opinion of this department that in a suit on the sheriff's bond the plea of the four-years' statute of limitation would be applicable. In a suit against the deputy sheriff in his individual capacity the plea of the two-years' statute of limitation would be applicable.

Trusting that the foregoing satisfactorily answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *J. C. Davis, Jr.*
J. C. Davis, Jr.
Assistant

By *John Reeves*
John Reeves

JR:fb

APPROVED
OPINION COMMITTEE
BY BWB
CHAIRMAN